# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 18-CV-1019-LRR |
| vs. | | **ORDER** |
| JEFFREY J. HAMMERAND, TAMMY A. HAMMERAND, KENNETH J. KREMER, DONNA A. KREMER, HEAVENLEE HOLSTEINS, IOWA DEPARTMENT OF REVENUE, THREE RIVERS FS COMPANY, MIDLAND FUNDING, LLC, DAVE'S FEED STORE, INC., POSTVILLE VETERINARY CLINIC, P.C., J AND B FEED SERVICE, LTD, and SCMITT IMPLEMENT COPORATION, | | |
| Defendants. | | |

_____

## TABLE OF CONTENTS

*I.    INTRODUCTION..................................................................2*

*II.   RELEVANT PROCEDURAL HISTORY...................................2*

*III.  SUBJECT MATTER JURISDICTION......................................3*

*IV.   RELEVANT FACTUAL BACKGROUND..................................3*

*V.    MOTION FOR SUMMARY JUDGMENT..................................5*

    *A.    Summary Judgment Standard..........................................5*
    *B.    The Government's Argument...........................................6*
    *C.    Analysis......................................................................6*

*VI.    MOTION FOR DEFAULT JUDGMENT..................................................8*

*VII.   CONCLUSION................................................................10*

## I.  INTRODUCTION

The matter before the court is Plaintiff United States of America's "Motion for Summary Judgment and Motion for Default Judgment" (docket no. 37).

## II.  RELEVANT PROCEDURAL HISTORY

On April 2, 2018, the government filed the Complaint (docket no. 1) on behalf of the United States Department of Agriculture—Farm Service Agency ("FSA"), seeking to foreclose its interest in certain real property and personal property pledged to the FSA. *See generally* Complaint ¶¶ 3-18.  On April 24, 2018, Defendant Schmitt Implement Corporation ("Schmitt Implement") filed an Answer (docket no. 15).  On April 25, 2018, Defendant Three Rivers FS Company ("Three Rivers") filed an Answer (docket no. 21). On April 27, 2018, Defendants Jeffrey J. Hammerand and Tammy A. Hammerand ("the Hammerands") filed an Answer and Jury Demand (docket no. 22).  On May 16, 2018, Defendant Iowa Department of Revenue filed a Disclaimer (docket no. 25), disclaiming any "interest in the subject matter of this proceeding for the reason that the liens set forth in the [C]omplaint have been released."  Disclaimer at 1.  On July 11, 2018, the Clerk's Default Entry (docket no. 27) was filed against Defendants Kenneth J. Kremer, Donna A. Kremer, Heavenlee Holsteins, Discover Bank, Portfolio Recovery Associates, LLC, Midland Funding, LLC, Dave's Feed Store, Inc., Postville Veterinary Clinic, P.C., and J and B Feed Service, Ltd.  *See* Clerk's Default Entry at 1-2.

On April 5, 2019, the government filed the motion for summary judgment and motion for default judgment.  No Defendant has filed a resistance and the time for doing so has passed.  No party has requested oral argument and the court finds that oral

argument is unnecessary. The matter is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has original jurisdiction over the government's civil claims. *See* 28 U.S.C. § 1345 ("[D]istrict courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.").

## IV. RELEVANT FACTUAL BACKGROUND

Defendants Schmitt Implement, Three Rivers and the Hammerands have all failed to expressly admit, deny or qualify each of the facts set forth in the government's "Statement of Undisputed Facts" ("SUF") (docket no. 37-2) as required by L.R. 56(b)(2). The failure of Schmitt Implement, Three Rivers and the Hammerands to file any response to the government's SUF and to expressly deny or qualify with specific reference to the summary judgment record each of the facts included by the government therein constitutes an admission of each of these facts. *See* L.R. 56(b)(4). Accordingly, the court considers the following uncontested facts as true.

On or about April 5, 1999, the Hammerands executed and delivered to the FSA a promissory note, in which they agreed to pay the FSA the sum of $26,354.43 at a rate of interest of 4% per annum. *See* SUF ¶ 1. On or about November 17, 2006, the Hammerands executed and delivered to the FSA a second promissory note, in which they agreed to pay the FSA the sum of $105,742.79 at a rate of interest of 5% per annum. *See id*. ¶ 2. In order to secure the payment of the two promissory notes, the Hammerands, individually and as partners in Heavenlee Holsteins, executed and delivered to the FSA security interests in three real estate mortgages upon real estate in Dubuque County, Iowa. *See id*. ¶ 3. The real estate consisted of:

> The Northwest One Quarter (NW1/4) of the Southeast One

> Quarter (SE1/4), except the East 30 feet of the North 655 feet thereof; the Northeast One Quarter (NE1/4) of the Southwest One Quarter (SW1/4); the East One Half (E1/2) of the Northwest One Quarter (NW1/4) of the Southwest One Quarter (SW1/4), and the Southwest One Quarter (SW1/4) of the Northwest One Quarter (NW1/4) of the Southwest One Quarter (SW1/4); all in Section 10, Township 89 North, Range 1 West of the 5th P.M., according to the United States Government survey thereof, subject to and together with easements of record.

*Id*. The three real estate mortgages were recorded in the office of the Dubuque County Recorder, Dubuque County, Iowa on April 21, 1998 (Document 6053-98), on November 29, 2006 (Document 2006-00018441) and on March 1, 1996 (Document 2266-96). *See id*. ¶ 4.

Additionally, the FSA has a perfected security interest in agricultural chattels and crops pursuant to security agreements that extend back to the beginning of the loans with the current security agreement dated August 22, 2012. *See id*. ¶ 5. The FSA also perfected on agricultural chattels and crops pursuant to financing statements, amendments and continuation statements filed under the Uniform Commercial Code ("U.C.C."). *See id*. ¶ 6. This security interest has been continuously perfected under the U.C.C. since April 6, 1999 by a financing statement filed with the Iowa Secretary of State and continued to date. *Id*.

The Hammerands have failed to pay the FSA installments of principal and interest when due in violation of the provisions of the notes, mortgages and security instruments. *See id*. ¶ 7. As a result, the FSA accelerated the indebtedness and made demand for payment in full against the Hammerands on March 24, 2015. *Id*. The demand for payment remains unsatisfied. *See id*. ¶ 8. Pursuant to the provisions of the promissory notes, real estate mortgages and security instruments, the total amount owed to the FSA

is $171,852.16, plus interest through the date of the satisfaction of the interest of the United States. *Id.*

## V. MOTION FOR SUMMARY JUDGMENT

### A. *Summary Judgment Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show'" an absence of a genuine dispute as to a material fact. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1157 (8th Cir. 2016) (quoting *Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833, 837-38 (8th Cir. 2011)). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant has done so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

On a motion for summary judgment, the court must view the facts "in the light most favorable to the nonmoving party." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment

5

is appropriate. *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts' . . . ." *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita*, 475 U.S. at 586). Instead, "[t]o survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (third alteration in original) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)). Mere "self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010). "Evidence, not contentions, avoids summary judgment." *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

### B. The Government's Argument

The government argues that it is entitled to summary judgment because "[t]here is no dispute regarding the material facts: the borrowers' default, the amount owed, or the validity and priority of the United States'[s] mortgage interest." Government's Brief in Support of Summary Judgment and Default Judgment (docket no. 37-1) at 9. Specifically, the government argues that the Hammerands are in default and owe $171,852.16, plus interest. *See id*. The government also argues that "there is no dispute that the United States'[s] mortgages and security documents are valid, properly recorded and maintain [the] FSA's priority over the interest of any [D]efendant." *Id*.

### C. Analysis

The government filed the instant motion for summary judgment on April 5, 2019. Under Local Rule 56(b), Defendants Schmitt Implement, Three Rivers and the

6

Hammerands resistances and supporting documents were due on April 26, 2019. On April 23, 2019, the Hammerands's filed a "Motion to Enlarge Time for Filing Resistance to Plaintiff's Motion for Summary Judgment" ("Motion to Enlarge") (docket no. 39). The court denied the Motion to Enlarge for failure to comply with the local rules, and for improperly attempting to use a motion to extend deadline as a mechanism for addressing a discovery dispute.[1] *See* April 24, 2019 Order (docket no. 40) at 1-2. The Hammerands did not correct the compliance problems with the Motion to Enlarge by the April 26, 2019 deadline for filing a resistance.

Local Rule 56(c) provides, "**Unresisted Motion**. If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . ." *Id*. At present, Defendants Schmitt Implement, Three Rivers and the Hammerands have neither filed a resistance to the government's Motion for Summary Judgment nor properly requested further extension of the filing deadline. Under the

---

[1] Specifically, the Hammerands failed to comply with LR 7(k), which requires that "[a]ll non-dispositive motions must contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties . . . concerning the motion, and a statement of whether or not the other parties consent to the motion." LR 7(k). The Hammerands also failed to comply with LR 7(j), which requires that a motion to extend a deadline must include, among other things, "[t]he new date or deadline requested." *Id*. Finally, the Hammerands claimed that "[o]n December 28, 2018, the Hammerands propounded Interrogatories and Request for Production of Documents upon the Plaintiff" and "[t]he Hammerands have not received any responses to said discovery requests." Motion to Enlarge at 1. Initially, discovery in this matter was due on February 1, 2019. *See* Scheduling Order and Discovery Plan (docket no. 33) at 1. On February 4, 2019, the discovery deadline was extended to March 2, 2019. *See* February 4, 2019 Order (docket no. 36) at 2. To date, the Hammerands have filed no motions or other requests with the court regarding any discovery disputes. Accordingly, the court determined that "[a] motion to extend a deadline is not the proper mechanism for addressing a discovery dispute." April 24, 2019 Order at 2.

circumstances, the court finds that it is proper at this point to grant the government's summary judgment motion.

Despite the fact that Defendants Schmitt Implement, Three Rivers and the Hammerands have not resisted the government's Motion for Summary Judgment, the court may grant the government's summary judgment motion only if the court determines that the government is entitled to judgment as a matter of law. *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court has reviewed the applicable law. In light of Defendants Schmitt Implement's, Three Rivers's and the Hammerands's admissions in the record, the court finds that these Defendants have not generated a genuine issue of material fact with regard to any of the claims at issue and that the government has met its burden in proving that the undisputed material facts in the instant case entitle it to judgment as a matter of law. It is undisputed that the Hammerands are in default and owe the FSA $171,852.16, plus interest through the date of the satisfaction of the interest of the government. *See* SUF ¶¶ 7-8. Further, it is undisputed that the interests of Defendants Schmitt Implement and Three Rivers are inferior to the interest of the government. *See* Complaint ¶¶ 19(g), (l), 20; Government's Appendix (docket no. 38) at 35-48 (Hammerands's mortgages); 49-63 (security agreements). Accordingly, the court will grant the government's motion for summary judgment against Defendants the Hammerands, Schmitt Implement and Three Rivers.

## VI. MOTION FOR DEFAULT JUDGMENT

On July 11, 2018, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a default against Defendants Kenneth J. Kremer, Donna A. Kremer, Heavenlee Holsteins, Discover Bank, Portfolio Recovery Associates, LLC, Midland Funding, LLC, Dave's Feed Store, Inc., Postville Veterinary Clinic, P.C. and J and B Feed Service, Ltd. *See* Clerk's Default Entry at 1-2. "Entry of a default under Federal

Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment may be entered as follows:

> (1) ***By the Clerk***. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) ***By the Court***. In all other cases, the party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Because Defendants Kenneth J. Kremer, Donna A. Kremer, Heavenlee Holsteins, Discover Bank, Portfolio Recovery Associates, LLC, Midland Funding, LLC, Dave's Feed Store, Inc., Postville Veterinary Clinic, P.C. and J and B Feed Service, Ltd. have failed to answer or otherwise defend the action, these Defendants are deemed to have admitted the well-pleaded allegations of the Complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). The Complaint alleges that the interests of Defendants Kenneth J. Kremer, Donna A. Kremer, Heavenlee Holsteins,

Discover Bank, Portfolio Recovery Associates, LLC, Midland Funding, LLC, Dave's Feed Store, Inc., Postville Veterinary Clinic, P.C. and J and B Feed Service, Ltd. are "junior and inferior to the interests of [the] FSA" and "none of these Defendants have a right to redemption after foreclosure sale herein." Complaint ¶¶ 20-21. For purposes of this Order, these allegations are established as true. *See Angelo Iafrate Const., LLC*, 370 F.3d at 722. Accordingly, the court will grant the government's motion for default judgment against Defendants Kenneth J. Kremer, Donna A. Kremer, Heavenlee Holsteins, Discover Bank, Portfolio Recovery Associates, LLC, Midland Funding, LLC, Dave's Feed Store, Inc., Postville Veterinary Clinic, P.C. and J and B Feed Service, Ltd.

## VII. CONCLUSION

In light of the foregoing, the government's "Motion for Summary Judgment and Motion for Default Judgment" (docket no. 37) is **GRANTED**. The Clerk of Court is **DIRECTED** to: (1) enter Judgment in favor of the United States and against Defendants the Hammerands, Schmitt Implement and Three Rivers; (2) enter Judgment against the Hammerands in the amount of $171,852.16 plus interest through the date of the satisfaction of the interest of the United States; and (3) enter Default Judgment against Defendants Kenneth J. Kremer, Donna A. Kremer, Heavenlee Holsteins, Discover Bank, Portfolio Recovery Associates, LLC, Midland Funding, LLC, Dave's Feed Store, Inc., Postville Veterinary Clinic, P.C. and J and B Feed Service, Ltd. Further, the Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**. The Final Pretrial Conference scheduled for August 8, 2019 is **CANCELLED**.

**IT IS SO ORDERED.**

**DATED** this 11th day of June, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA